886 So.2d 1116 (2004)
STATE of Louisiana
v.
Danny Ray SHERMAN.
No. 2004-OK-1019.
Supreme Court of Louisiana.
October 29, 2004.
PER CURIAM.
Granted. This case is remanded to the Third Circuit Court of Appeal for reconsideration of defendant's assignment of error regarding the trial court's denial of his motion to suppress evidence.
As a general rule, an appellate court may review the testimony at trial in determining the correctness of the trial court's pre-trial ruling on a motion to suppress. State v. Green, 94-0887, p. 11 (La.5/22/95), 655 So.2d 272, 280; State v. Brooks, 92-3331, p. 10, (La.1/17/95), 648 So.2d 366, 372; State v. Martin, 595 So.2d 592, 596 (La.1992). This review may provide supplemental information relevant to the suppression issue. See, e.g., State v. Beals, 410 So.2d 745, 747 (La.1982) ("Accordingly, we have taken into consideration the fact that defendant was the resident of the premises named in the search warrant.")(footnote omitted). It may also disclose conflicting testimony relevant to the credibility of the witness. Martin, 595 So.2d at 596 ("We have considered [the witness's] testimony at the suppression hearing and his subsequent trial testimony, the latter completely at odds with the former.").
However, in many cases the testimony at trial often may not diverge from the evidence adduced at a pre-trial hearing on a motion to suppress. See, e.g., State v. Chopin, 372 So.2d 1222, 1223, n. 2 (La.1979)("Since the evidence adduced at trial does not affect the result we reach in the instant case, our relation of the pertinent facts is based only upon the testimony given at the suppression hearing."); State v. Schmidt, 359 So.2d 133, 134, n. 2 (La.1978)(same). An appellate court is therefore not required to review the testimony at trial in every instance. In the present case, if the court of appeal finds that it cannot resolve the suppression issue on the basis of the testimony offered at the hearing on the motion, which both the state and defendant have used as the basis for arguing the merits, as an alternative to dismissing the defendant's appeal, the court should exercise its authority under La.C.Cr.P. art. 914(D) to designate additional portions of the transcript "necessary for full and fair review of the assignment of errors."
TRAYLOR, J., would deny the writ.