STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-150

STATE OF LOUISIANA

VERSUS

RONALD G. JENNINGS

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14,260-05
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

AFFIRMED.

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and James T. Genovese, Judges.

AFFIRMED.

John F.DeRosier
District Attorney
Carol S. Sigler
Asst. District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
Counsel for Appellee:
    State of Louisiana

**James E. Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
     **Ronald G. Jennings**

**Ronald G. Jennings**
**Louisiana State Penitentiary**
**Camp D Raven 3 Right**
**Angola, LA 70712**
**In Proper Person:**
     **Ronald G. Jennings**

GREMILLION, Judge.

In this case, the defendant, Ronald G. Jennings, was convicted of second degree murder, a violation of La.R.S. 14:30.1, and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. Defendant is now before this court asserting one assignment of error in which he contends that the trial court erred in denying his Motion to Suppress two inculpatory statements. For the following reasons, we affirm.

## DISCUSSION

Defendant was convicted of killing Jeanette Hennigan, his wife's grandmother. In his lone assignment of error, he contends that the trial court erred in denying his Motion to Suppress two inculpatory statements given subsequent to his arrest and apparent appointment of counsel. He alleges he gave a statement to police on July 19, 2005, wherein he denied any involvement in the murder. Defendant further alleges that a second interview occurred on July 25, 2005, at which time he confessed. He notes that the confession was offered and accepted at trial without objection from defense counsel. Additionally, a condensed typewritten version of the same statement was offered without objection from defense counsel.

Defendant claims he invoked his right to counsel, terminating the first interview on July 19, 2005. He further claims that, when he allegedly approached law enforcement some six days later, after having been appointed counsel, no new rights form was apparently executed, as it does not appear in the record. Therefore, he argues that it cannot be presumed that a knowing, intelligent waiver of counsel had occurred subsequent to him invoking his right to counsel. In that regard, he states

1

that he asked for, but did not receive, a hearing on his Motion to Suppress those confessions. The record does not reflect that a hearing was ever held on the motion. Accordingly, Defendant argues that the conviction should be vacated and the matter remanded for hearing on the Motion to Suppress, after which a new trial should be granted and conducted without the use of the confessions.

The record reflects that Defendant filed a *pro se* Motion to Suppress on October 26, 2005, seeking to have his statements to police excluded from use at trial because they were "seized without a warrant and in violation" of his constitutional rights. On November 8, 2005, the trial court issued an order which stated:

> IT IS ORDERED that the Defendant's Counsel consider the attached motion and either file same or similar motion, or if counsel refused to file either, to state the reasons to Defendant in writing within ten (10) days of receipt of this order. If Defendant believes that counsel's reasons are unsatisfactory, or if counsel has not given reasons, Defendant may petition this court to consider his *pro se* request, and attach thereto counsel's reasons, if given.

On December 7, 2005, Defendant sent a letter to the Clerk of Court asserting that defense counsel had not acted on his Motion to Suppress and asked the trial court to consider his motion. In response, the trial court issued an order on December 16, 2005, using the same language as that set forth in the earlier order. We have reviewed the record and can find no ruling or minute entries regarding Defendant's Motion to Suppress. Further, the statements at issue were admitted at trial without objection by defense counsel.

In *State v. Ruiz*, 05-1098, 05-1261, 06-30 (La.App. 3 Cir. 5/24/06), 931 So.2d 472, *affirmed*, 06-1755 (La. 4/11/07), ___So.2d ___, the defendant complained that a pro se motion to suppress filed by him had never been heard. We found that

2

the motion was waived when the defendant proceeded to trial without obtaining a ruling thereon. We wrote: "When a defendant proceeds to trial without obtaining rulings on his pre-trial motions, such motions are considered waived. *State v. Fletcher*, 02-707 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, *writ denied*, 03-409 (La.10/10/03), 855 So.2d 334; *State v. Pratt*, 32,302 (La.App. 2 Cir. 9/22/99), 748 So.2d 25." *Id*. at 482.

Accordingly, we find that Defendant waived the pending Motion to Suppress when he proceeded to trial without a ruling on that motion. Additionally, the evidence at issue was admitted at trial without objection. Therefore, the issue was not preserved for appellate review pursuant to La.Code Crim.P. art. 841. Furthermore, the grounds asserted by Defendant on appeal were not asserted in his Motion to Suppress and a new ground for suppression may not be raised for the first time on appeal. *State v. Slaydon,* 05-794 (La.App. 3 Cir. 2/1/06), 921 So.2d 1199. Thus, we find that this assignment of error lacks merit.

## CONCLUSION

Defendant's conviction for second degree murder is affirmed.

**AFFIRMED.**

3