PER CURIAM.
 

 11 Granted. Given the ruling by the trial court that defendant’s statement to the police after the accident, in which he acknowledged ingesting methadone earlier that day, is admissible at trial, we agree with the court of appeal that the report of the Louisiana State Police Crime Lab on the results of a chemical test of a blood sample provided by defendant, detecting the presence of methadone among other drugs, is clearly relevant to the pending prosecution for vehicular homicide in violation of La.R.S. 14:32.1.
 
 State v. Davenport,
 
 445 So.2d 1190, 1195 (La.l984)(“[R]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”). We also agree that the report’s probative value outweighs any likely prejudice effect.
 

 However, the court of appeal erred in sustaining the judgment excluding the test results on grounds not asserted in the trial court,
 
 i.e.,
 
 that the state had failed to |2introduce any evidence “demonstrating that the chemical toxicology report satisfies requirements of due process and fairness.”
 
 State v. Kroner,
 
 44,514 (La.App. 2nd Cir.3/26/09) (citations omitted). In the district court, the defendant challenged the admissibility of the report on grounds that the prejudicial impact of the test results would outweigh any probative value. The trial court came to agree with that posi
 
 *1232
 
 tion. The court thus excluded the evidence because “the prejudicial effect of admitting the Lab report before the trier of fact would outweigh any probative value.” However, at no time did the defense contest the reliability of the test results insofar as they detected the presence of various drugs and their metabolites. In the absence of any such challenge, the state otherwise had no affirmative, independent duty of producing the criminalist who performed the purely qualitative chemical analysis of the sample to vouch for the reliability of his testing methods and results detecting the presence of one or more drugs as a prerequisite for admitting the test results at trial. In the event that the state provides notice of its intent to rely at trial on the certificate of the lab report as a matter of La.R.S. 15:500, defendant may contest those findings by requesting a subpoena for the criminalist,
 
 see State v. Cunningham,
 
 04-2200, p. 18 (La.6/13/05), 903 So.2d 1110, 1122 (“The defendant can satisfy the good-faith requirement [of La.R.S. 15:501(B)(2) ] by merely indicating a preference for live testimony by requesting a subpoena issue for the preparer of the certificate of analysis.”), and may introduce evidence disputing the weight a fact finder accords the lab test results.