NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-306

STATE OF LOUISIANA

VERSUS

RICKY JOSEPH

************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75417-F
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**CONVICTIONS AND SENTENCES FOR POSSESSION OF MARIJUANA, LORTAB, AND METHADONE ARE AFFIRMED; CONVICTION FOR POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE IS VACATED; JUDGMENT OF GUILTY OF POSSESSION OF CRACK COCAINE IS ENTERED; MATTER REMANDED TO TRIAL COURT FOR SENTENCING IN ACCORDANCE HEREWITH.**

Christopher Brent Coreil
District Attorney
Kathy Fontenot-Meyers
Assistant District Attorney
Post Office Drawer 780
Ville Platte, Louisiana  70586
(337) 363-3438
Counsel for:
        State of Louisiana
Mark O. Foster

**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana  71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
        **Ricky Joseph**

**SULLIVAN, Judge.**

Ricky Joseph appeals his convictions and sentences for possession with intent to distribute crack cocaine, possession of marijuana, possession of Lortab, and possession of methadone, as well as the trial court's denial of his motion to suppress. For the following reasons, we affirm Defendant's convictions and sentences for possession of marijuana, Lortab, and methadone but vacate his conviction for possession with intent to distribute crack cocaine, enter a judgment of guilty of possession of crack cocaine, and remand for sentencing on this conviction.

### Facts and Procedural History

On December 18, 2007, the Ville Platte Police Department obtained a search warrant and searched a barber shop (the shop) operated by Defendant. Pursuant to the search, crack cocaine, marijuana, Lortab, and methadone were seized, and Defendant was charged with possession with intent to distribute a Schedule II controlled dangerous substance, crack cocaine, a violation of La.R.S. 40:967; possession with intent to distribute a Schedule I controlled dangerous substance, marijuana, a violation of La.R.S. 40:966; possession of a Schedule II controlled dangerous substance, methadone, a violation of La.R.S. 40:967; possession of a Schedule III controlled dangerous substance, Lortab, a violation of La.R.S. 40:968; and possession of drug paraphernalia, a violation of La.R.S. 40:1023.

The matter was tried to a jury September 22-24, 2008. Testimony of two Ville Platte Police officers, Sergeant Joseph Fontenot and Detective Ervin Pitre, established that two or three weeks before his arrest, suspicions of Defendant selling drugs out of the shop in Ville Platte arose in the Ville Platte Police Department when numerous drug users were seen going in and out of the shop for brief periods of two to five

1

minutes. The police executed a controlled drug buy with a confidential informant who entered the shop and purchased twenty dollars of crack cocaine, then obtained a warrant to search the shop.

When the police entered the shop to execute the search warrant, they smelled a strong odor of marijuana. They began searching the shop and found Alexis Roy, who admitted that she sometimes stayed in a bedroom adjacent to the shop; Defendant was not present. During the search, crack cocaine, a bag of marijuana, an electronic scale, and a burning, half-smoked marijuana cigar were found in the bedroom. An unlabeled prescription bottle that contained several pills and a partial piece of suspected methadone was found in plain view near the prescription bottle in the area near the barber chair. Neither the search warrant return nor the inventory indicate how much crack cocaine was seized. After the search was conducted, Ms. Roy was transported to the police department for questioning. Defendant turned himself in later the same day.

Detective Pitre testified that Defendant was intoxicated and not in a condition to speak when he turned himself in and that he was released to seek treatment. Defendant left the medical facility where the police brought him without obtaining treatment; he was arrested and brought back to the police department. Sergeant Fontenot *Mirandized* Defendant on December 19, 2007, at 8:50 a.m. However, Defendant was not willing to speak to him at that time. Sergeant Fontenot testified that Defendant then wanted to "tell his side of the story," at which time he was told that if he wanted to talk without an attorney present he would have to tell them so. Sergeant Fontenot then asked Defendant again if he wanted to talk without an attorney present, and, after a while, Defendant said, "[Y]eah I want to."

2

Sergeant Fontenot testified that during the interview, Defendant said that the Lortabs found in the shop were his; however, he did not know anything about the marijuana, methadone, or crack cocaine. Defendant further stated that he had a prescription for the Lortab but did not know why the pills were in a bottle that did not have a label. Additionally, he could not explain why several different pills were in the same bottle. Defendant then admitted that he smoked marijuana. Lastly, Sergeant Fontenot testified that he did not make any promises to Defendant regarding Ms. Roy and that he never asked Defendant to lie. At the conclusion of Sergeant Fontenot's examination by the State, Defendant's taped interview was played for the jury.

Detective Pitre testified that Defendant signed a *Miranda* Rights form he presented to him at 9:25 a.m. on December 19, 2007, but that he did not interview Defendant until 12:22 p.m. He believed this interview occurred after Defendant "sent word to [him] thru the jail" that he wanted to talk. According to Detective Pitre, Defendant agreed at that time to speak to him without an attorney being present, and he did not make any promises to Defendant or coerce or force Defendant to speak to him. Detective Pitre related that during the interview, Defendant said the drugs did not belong to him or Ms. Roy. The tape of Detective Pitre's interview with Defendant was then played to the jury. Detective Pitre next testified that after Defendant's statement was taken, Defendant told him that all the narcotics found at the shop were his and that Ms. Roy knew nothing about them.

Detective Pitre was shown photographs that were admitted into evidence during the testimony of Sergeant Fontenot and identified what was depicted therein. Two of the photographs are of a digital scale, and Detective Pitre testified that marijuana and crack cocaine are both sold by weight and that digital scales are used

3

to weigh these drugs. Neither Sergeant Fontenot nor Detective Pitre testified regarding who the confidential informant bought the crack cocaine from, and the confidential informant did not testify.

Regarding the analysis of several items found at the shop, Amanda Hebert, an expert in forensic chemistry and an employee of the Acadiana Crime Lab, testified that: 1) two rock-like materials submitted to the lab were crack cocaine with a net weight of 1.7 grams, and 0.06 grams, respectively; 2) green vegetable matter with a gross weight of eleven grams was marijuana; 3) three white tablets were methadone; 4) the cigar contained marijuana; 5) an oblong green tablet found in a prescription bottle contained ten milligrams of hydrocodone and 650 milligrams of acetaminophen; and 6) two pieces of an oblong blue tablet contained ten milligrams of hydrocodone and 500 milligrams of acetaminophen. Hebert testified that hydrocodone is also known as Lortab.

Defendant testified at the hearing on his motion to suppress regarding the statements he made to the police but did not testify at trial. His testimony will be discussed in conjunction with our review of his claim that the trial court erred in denying his motion to suppress.

On September 24, 2008, Defendant was convicted by the jury of possession with intent to distribute crack cocaine and possession of marijuana, Lortab, and methadone. Thereafter, the charge of possession of drug paraphernalia was dismissed. Defendant was sentenced as follows: 1) possession with intent to distribute crack cocaine—eight years at hard labor, with the first two years of the sentence to be served without benefit of probation, parole, or suspension of sentence; 2) possession of marijuana—six months in parish jail, to run concurrently with the

"possession sentences"; 3) possession of Lortab—two years at hard labor, to run concurrently with the sentence imposed for possession of methadone; 4) possession of methadone—two years at hard labor, to run consecutively with the sentence for possession with intent to distribute crack cocaine. At the conclusion of the sentencing, defense counsel orally moved for reconsideration of Defendant's sentence, which was denied.

Defendant appealed his convictions and sentences. On appeal, he assigns as error the denial of a motion to suppress he filed the morning of trial and the sufficiency of the evidence on all of his convictions.

### Sufficiency of the Evidence

Defendant contends there was insufficient evidence to convict him of the offenses.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal*, 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La. R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal*, 2000-0674 p. 9, 796 So.2d at 657.

*State v. Draughn*, 05-1825, p. 7 (La. 1/17/07), 950 So.2d 583, 592, *cert. denied*, __ U.S. __, 128 S.Ct. 537 (2007).

With regard to Defendant's conviction of possession with intent to distribute crack cocaine, the State was required to prove beyond a reasonable doubt that he: 1)

intentionally possessed crack cocaine; 2) had the specific intent to distribute the crack cocaine, La.R.S. 40:967(A)(1); and 3) had guilty knowledge, i.e., knew he had the illegal drugs in his possession. *State v. McGinnis*, 07-1419 (La.App. 3 Cir. 4/30/08), 981 So.2d 881.

> Intent is a fact which may be inferred from circumstantial evidence. Factors which are useful in determining whether the circumstances are sufficient to prove an intent to distribute cocaine or a controlled dangerous substance ("CDS") include (1) whether the Defendant ever distributed or attempted to distribute a CDS; (2) whether the CDS was in a form usually associated with distribution to others; (3) whether the amount was such as to create a presumption of intent to distribute; (4) expert or other testimony that the amount found in the defendant's possession was inconsistent with personal use only; and (5) the presence of paraphernalia, such as baggies or scales, evidencing an intent to distribute. Testimony of street value and dosage units of the drug is also relevant to the issue of intent.

*State v. Samuel*, 08-100, p. 10 (La.App. 3 Cir. 5/28/08), 984 So.2d 256, 263-64, *writs denied*, 08-1419, 08-1487 (La. 2/20/09), 1 So.3d 493, 495 (quoting *State v. Spencer*, 29,993, pp. 4-5 (La.App. 2 Cir. 1/21/98), 707 So.2d 96, 100, *writ denied*, 98-627 (La. 8/28/98), 722 So.2d 294) (citations omitted).

As to Defendant's convictions for possession of marijuana, Lortab, and methadone, the State was required to prove that he possessed marijuana, Lortab, and methadone and had guilty knowledge. *See State v. Carter*, 07-1237 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, *writ denied*, 08-1083 (La. 1/9/09), 998 So.2d 712.

Defendant's statements to Detective Pitre and Sergeant Fontenot were played for the jury and the *Miranda* Rights forms were introduced into evidence during the trial, but the tape containing Defendant's statements was not introduced into evidence. Therefore, we have not considered those statements in our review of the sufficiency of the evidence.

6

The jury's verdicts indicate the jury believed Detective Pitre's testimony that, while Defendant stated in his taped statement that the drugs did not belong to him or Ms. Roy, Defendant told him after the taped statement was completed that all the drugs found at the shop were his and that Ms. Roy knew nothing about them. This testimony, coupled with the evidence seized at the shop and the jury's having listened to Defendant's taped statements at trial, was sufficient to prove beyond a reasonable doubt to a rational jury that Defendant possessed crack cocaine, marijuana, methadone, and Lortab.

The same is not true with respect to whether the State proved Defendant had the intent to distribute the crack cocaine. The digital scale seized pursuant to the search warrant and Detective Pitre's testimony that crack is sold by weight is the only evidence the State presented on this issue. The State notes in its brief that razor blades were found in the shop and asserts that those "are generally used to cut up the cocaine for resale." We do not consider the two razor blades seized in the shop as an indication that Defendant distributed cocaine because Detective Pitre testified that razor blades are not illegal and that he knew Defendant used razor blades to cut hair. Furthermore, the razor blades were not tested by the crime lab.

Review of pertinent jurisprudence leads us to conclude that possession of a digital scale and two rocks of crack cocaine weighing less than two grams, is insufficient to establish Defendant had the specific intent to distribute crack cocaine. *See State v. Wells*, 99-628 (La.App. 3 Cir. 12/22/99), 755 So.2d 963, *writ denied*, 00-181 (La. 9/15/00), 767 So.2d 39 (which reviews expert testimony that possession of one or two rocks of crack cocaine is indicative of possession for use).

Having found that the evidence does not support the jury's conviction of possession of crack cocaine with the intent to distribute, we can modify that verdict and render a judgment of conviction of a lesser included responsive offense if the evidence supports such a conviction. La.Code Crim.P. art. 821(C); *see also State v. Teague*, 04-1132 (La.App. 3 Cir. 2/2/05), 893 So.2d 198. The responsive verdicts for possession with intent to distribute crack cocaine are attempted possession with intent to distribute crack cocaine, possession of crack cocaine, attempted possession of crack cocaine, and not guilty. La.Code Crim.P. art. 814(49). The evidence is insufficient to convict Defendant of attempted possession with intent to distribute crack cocaine but is sufficient to prove that he possessed crack cocaine.

For these reasons, Defendant's conviction for possession with intent to distribute crack cocaine is vacated, a judgment of guilty of possession of crack cocaine is entered, and the matter is remanded to the trial court for resentencing Defendant in accordance with this holding.

### *Motion to Suppress*

Defendant contends that the trial court erred in denying his motion to suppress the two taped statements he made to Sergeant Fontenot and Detective Pitre. He asserts that the issues presented by his motion are whether his statements were obtained in violation of his constitutional right to counsel, whether the State proved his statements were freely and voluntarily made, and whether the police scrupulously honored his right to remain silent without an attorney present. Because Defendant did not argue to the trial court that his statements were obtained in violation of his right to counsel or that his right to remain silent was not scrupulously honored, those grounds cannot be raised for the first time in this court. *State v. Jennings*, 07-150

8

(La.App. 3 Cir. 5/30/07), 958 So.2d 144, *writ denied*, 07-1460 (La. 1/7/08), 973 So.2d 731. *See also State v. Kroner*, 09-939 (La. 6/19/09), 10 So.3d 1231. Accordingly, we consider only whether his statements were free and voluntary.

> It is hornbook law that before the State may introduce a confession into evidence, it must demonstrate the statement was free and voluntary and not the product of fear, duress, intimidation, menace, threats, inducements or promises. La.Rev.Stat. § 15:451; La.Code Crim. Proc. art. 703(D); *State v. Simmons*, 443 So.2d 512, 515 (La.1983). If a statement is a product of custodial interrogation, the State must make a threefold showing: first, that the person was advised before questioning of his right to remain silent; second, that the person was told that any statement he makes may be used against him; and, third that the person was counseled that he has aright [sic] to an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). When claims of police misconduct are raised, the State must specifically rebut the allegations. *State v. Vessell*, 450 So.2d 938, 942-943 (La.1984). A trial court's finding as to the free and voluntary nature of a statement carries great weight and will not be disturbed unless the evidence fails to support the trial court's determination. *State v. Benoit*, 440 So.2d 129, 131 (La.1983). Credibility determinations lie within the sound discretion of the trial court and its rulings will not be disturbed unless clearly contrary to the evidence. *Vessell*, 450 So.2d at 943. When deciding whether a statement is knowing and voluntary, a court considers the totality of circumstances under which it is made, and any inducement is merely one factor in the analysis. *State v. Lavalais*, 685 So.2d at 1053; *State v. Lewis*, 539 So.2d 1199, 1205 (La.1989).

*State v. Holmes*, 06-2988, p. 34 (La. 12/2/08), 5 So.3d 42, 67-68, *cert. denied*, __ U.S. __, __ S.Ct. __ (2009).

Defense counsel made an oral motion to suppress Defendant's statements the morning jury selection was to commence. She moved to suppress his recorded statements, asserting that any admissions by him therein were made because he felt those admissions were what the police wanted to hear and because he did not want Ms. Roy to "deal with those charges so he took them upon himself." Defense counsel subsequently noted that there were four *Miranda* Rights forms and pointed out that when Defendant signed the December 18, 2007 form and the December 19, 2007

9

8:50 a.m. form, he was unwilling to answer questions without an attorney. Counsel continued, claiming that while Defendant signed the December 19, 2007 9:25 a.m. form indicating he was willing to answer questions without an attorney, he did so because he was promised that if he admitted to the charges Ms. Roy would not be prosecuted.

Defendant testified that on December 19, 2007, after he was in custody, he was approached by Sergeant Fontenot, that Sergeant Fontenot went over his *Miranda* rights with him, and that he told Sergeant Fontenot he was not willing to answer any questions. He next testified that he was again approached by Sergeant Fontenot and shown a rights form dated December 19, 2007, at 9:25 a.m. According to Defendant, he informed Sergeant Fontenot he was not willing to speak to him then; however, Sergeant Fontenot checked "yes" on the rights form and questioned him about his willingness to give a statement. He testified that he was pressured to give a statement, explaining that he was told Ms. Roy would be charged with possession of the narcotics found in the shop if he did not, that he loved her and believed she was pregnant with his child, and that she pleaded with him to admit that the drugs were his.

Defendant further testified that he was shown another *Miranda* Rights form dated December 19, 2007, at 12:22 p.m. He testified that he did not check "yes" or "no" for the question, "[A]re you willing to answer questions at this time without an attorney" and that someone else checked "yes" on the form. He also denied checking "no" for the question, "[H]ave any threats or promises been made to you or has any pressure of any kind been used to get you to answer questions or to give up any of

10

your rights." Defendant then testified that he gave a statement because Detective Pitre told him Ms. Roy would not be charged if he did.

On cross-examination, Defendant reiterated that he told the police he did not want to give a statement but did so because the police promised Ms. Roy would be released if he took "complete ownership of the narcotics." He further testified that he told Detective Pitre, "[W]hat do y'all want . . . to hear[?] I said do you promise me if I take complete ownership of everything that was found in the shop that Ms. Roy was gonna be let go and he told me yes." Defendant asserted that Detective Pitre had a vendetta against him and was out to "get" him and that Detective Pitre was telling the community that he was "sleeping with" Detective Pitre's fourteen-year-old cousin. Defendant also claimed that he did not know how the illegal drugs got into the shop.

At the suppression hearing, Detective Pitre testified that Defendant was read his *Miranda* rights prior to his statements being taken. He further testified that on the first recording Defendant was asked if he was advised of his *Miranda* rights and he indicated that he had been. Detective Pitre then testified that no promises were made to Defendant. Additionally, he testified that at no time did Defendant tell him that the police were making him lie and were pressuring or coercing him to give a statement. On cross-examination, Detective Pitre denied that he made any promises to Defendant. At the conclusion of the hearing, the trial court denied the motion.

Sergeant Fontenot did not testify at the hearing on Defendant's motion to suppress, and Defendant asserts that the State made a strategic choice not to call any police officer other than Detective Pitre at the suppression hearing to refute his claims. Citing *State v. Sherman*, 04-1019 (La. 10/29/04), 886 So.2d 1116, he

11

contends that this court's review of the merits of the motion to suppress is limited to the evidence adduced at the hearing on the motion to suppress and cannot include evidence at the trial on the merits which generally is allowed. We need not address the ramifications of *Sherman* because Defendant's claims can be resolved on the basis of the evidence submitted at the hearing on the motion to suppress.

Defendant testified at the hearing that he gave statements to the police because they promised Ms. Roy would not be charged. We have listened to his taped statements, and they do not contain any promises by the police. However, Defendant did state in his first statement, "[I]f you want me to take the charge I'm gon [sic] take the charge." Assuming the police told Defendant that Ms. Roy would be prosecuted if he did not admit the drugs were his, those statements would not be considered coercive or cause his statements to be involuntary because: 1) Ms. Roy was present in the shop when the search warrant was executed; 2) she admitted that she stayed there with Defendant at times; 3) the marijuana cigar was burning when the search warrant was executed; and 4) the statement that she would be charged was a statement of likely fact, not a threat. *See State v. Wilms*, 449 So.2d 442 (La.1984); *State v. Brown*, 504 So.2d 1025 (La.App. 1 Cir.), *writ denied*, 507 So.2d 225 (La.1987); *State v. Trotter*, 37,325 (La.App. 2 Cir. 8/22/03), 852 So.2d 1247, *writ denied*, 03-2764 (La. 2/13/04), 867 So.2d 689; *State v. Massey*, 535 So.2d 1135 (La.App. 2 Cir. 1988).

Considering only the evidence presented at the hearing on Defendant's motion, we find the trial court did not err in denying the motion.

### *Disposition*

Defendant's convictions for possession of marijuana, Lortab, and methadone are affirmed; however, his conviction for possession with intent to distribute crack

cocaine is vacated, a judgment of guilty of possession of crack cocaine is entered, and

the matter is remanded for sentencing in accordance with this court's ruling.

**CONVICTIONS AND SENTENCES FOR POSSESSION OF MARIJUANA, LORTAB, AND METHADONE ARE AFFIRMED; CONVICTION FOR POSSESSION WITH INTENT TO DISTRIBUTE CRACK COCAINE IS VACATED; JUDGMENT OF GUILTY OF POSSESSION OF CRACK COCAINE IS ENTERED; MATTER REMANDED TO TRIAL COURT FOR SENTENCING IN ACCORDANCE HEREWITH.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.