STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1002

STATE OF LOUISIANA

VERSUS

MARK WAYNE THIBODEAUX

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8991-12
HONORABLE RICHARD E. WILSON, DISTRICT JUDGE PRO TEMPORE*

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Billy H. Ezell, and James T. Genovese, Judges.

REMANDED WITH INSTRUCTIONS.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Mark Wayne Thibodeaux

---

* Judge Richard E. Wilson was appointed by the Louisiana Supreme Court to serve as judge pro tempore of Division "F" of the Fourteenth Judicial District Court from November 1, 2013 through January 1, 2014, as a result of the retirement of Judge Wilford D. Carter, Sr.

**Mark W. Thibodeaux**
**Louisiana State Penitentiary**
**Walnut 4**
**Angola, LA 70712**
**PRO-SE**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Fourteenth Judicial District**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PETERS, J.**

The defendant, Mark Wayne Thibodeaux, appeals his conviction of two counts of second degree murder, violations of La.R.S. 14:30.1, and one count of attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1. For the following reasons, we remand the matter to the trial court with instructions to complete the record by producing and ruling on certain pretrial motions.

## DISCUSSION OF THE RECORD

In the early morning of January 4, 2012, officers of the City Police Department of Lake Charles, Louisiana, responded to a 911 call concerning a disturbance in the 1100 block of North Prather Street. Upon arrival at the scene, they first discovered the body of Bridget Tillman Pryor lying in the front yard of the residence of Joanne Browne, 1103 North Prather Street. After further investigation, the officers went into Ms. Pryor's home at 1110 North Prather Street and discovered a second body, that of Carla Yvette Ledoux.

The information derived after the discovery of the second victim led the officers to identify Joseph Newman as a person of interest in their investigation. The officers were able to ascertain Mr. Newman's address, and when they arrived at that address, they found Mr. Newman in his bed bleeding profusely from a number of stab wounds. Mr. Newman became the principal source of the information that ultimately connected the defendant to the criminal offenses now before the court.

On March 22, 2012, the Calcasieu Parish Grand Jury indicted the defendant for the second degree murder of Ms. Pryor and Ms. Ledoux and for the attempted second degree murder of Mr. Newman. Six days later, on March 28, 2012, the defendant appeared in open court with counsel for arraignment on the charges and

entered not guilty pleas to all three counts. At the arraignment proceeding, the trial court set November 26, 2012, as the date for the trial on the merits to begin. On November 26, 2012, the defendant's counsel requested a continuance because pretrial motions had yet to be filed. The trial court continued the trial; ordered that all pretrial motions be filed within thirty days; set February 6, 2013, as the date to hear motions that might be filed; and rescheduled the trial on the merits for May 20, 2013.

Neither the defendant nor his counsel filed any pretrial motions within the thirty-day deadline, and no hearing was held on February 6, 2013. Instead, on February 19, 2013, the defendant's counsel filed a motion seeking to have a sanity commission determine the defendant's ability to assist in his own defense and the degree of his understanding of the proceedings against him. The trial court appointed a sanity commission that same day and set a March 20, 2013 hearing on that mental capacity issue. The hearing was subsequently continued to May 1, 2013, at which time the trial court rendered judgment, finding that the defendant sufficiently understood the proceedings against him and that he had the ability to assist in his own defense.

During the pendency of the sanity commission proceedings, the defendant filed three *pro se* motions: (1) a motion to quash the indictment filed April 26, 2013; (2) a motion to suppress filed April 29, 2013; and (3) a motion for a speedy trial filed April 30, 2013. However, none of these motions were ever considered by the trial court. Instead, the trial court minutes of May 20, 2013, reflect that the defendant was "available for trial," but the trial did not begin that day. Instead, the trial court minutes of the next day reflect that the state moved for a continuance

2

based on the assertion that the defendant's counsel was involved in another trial in another courtroom that same day.

The trial court granted the continuance and reset the trial on the merits for September 16, 2013. Slightly over a month later, on June 27, 2013, the defendant filed a *pro se* motion seeking to have his appointed counsel recused. No hearing was held on that motion, but on September 1, 2013, the defendant's counsel filed a motion to continue the September 16, 2013 trial date based on the fact that he was withdrawing as the defendant's counsel and the newly appointed counsel would need time to prepare for trial. The motion did not mention the pending motion to recuse him, and it simply asserted that he was leaving employment with the Calcasieu Parish Public Defender's Office effective September 1, 2013. The trial court granted the motion for continuance and reset the trial on the merits for February 10, 2014. Six days later, on September 7, 2013, the defendant filed a second *pro se* motion to quash the indictment.

A September 16, 2013 trial court minute entry reflects that the trial court reaffirmed the February 10, 2014 setting, and also set a status hearing for December 9, 2013. The trial court minutes of that date do not mention that status hearing. Instead, the minutes reflect that on motion of the state, the trial court "refixed" the trial date to February 10, 2014.

Soon after the defendant's new counsel enrolled in September of 2013, he filed a second motion for a bill of particulars and a second discovery motion.[1] The state responded to these motions with extensive filings providing the defendant with investigative information.

---

[1] The defendant's first counsel filed similar motions on November 29, 2012, and the state responded to those motions on February 7, 2013.

A three-day jury trial began on February 11, 2014, and resulted in the defendant's conviction on all three counts.  However, before the jury selection process began, the trial court commented that there were some preliminary matters that needed to be addressed, and the defendant's trial counsel responded to that comment in the following manner:

> That is correct, Your Honor.  On behalf of Mr. Mark Thibodeaux, he has objections to any introduction of any information regarding a mental health examination that he said he did not consent to.  He has objections to a Motion to Quash that he filed in proper person stating that he has not received a response as it relates to whether it was granted or denied.
>
> He has objections regarding a Motion to Suppress.  He hasn't had a hearing on either of those two matters and he's objecting to the continuation of these proceedings without such hearings.

The defendant's trial counsel went on to assert to the trial court that when the *pro se* motions were filed, the defendant was incarcerated, but did speak to his previous appointed counsel concerning the motions.

The trial court's only response to the lack of hearing on these preliminary motions was that "[t]hose objections are noted for the record."  Thereafter, the jury selection process began.

On March 12, 2014, the trial court sentenced the defendant to serve life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on each of the second degree murder convictions; and to serve twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence on the attempted second degree murder conviction.  The trial court ordered that the sentences run concurrent to one another.  Thereafter, the defendant perfected the appeal now before us.

Initially, the defendant's appellate counsel asserted two assignments of error:

1. The evidence is insufficient to support the guilty verdicts of second degree murder in this case.

2. The State failed to establish that Mark Thibodeaux intended to kill Joseph Newman; therefore, the State failed to meet its burden of proving Mark Thibodeaux is guilty of attempted second degree murder.

The defendant followed his appeal counsel's filing by filing a *pro se* brief wherein he assigned an additional seven assignments of error:

1. The evidence was insufficient to the finding of guilty as charge[d], LSA-R.S. 14:30.1, two (2) counts.

2. The evidence was insufficient to the finding of guilty as charge[d], LSA-R.S. 14:27-30.1, one (1) count.

3. Out-of-court identification procedure was overly suggestive and led to a substantial likelihood of irreparable misidentification – Absent confrontation twenty-five (25) months later . . . tainted and corrupt in-court identification. See e.g. Manson v. Brathwaite, supra. . .

4. Court renunciated and relinzuished its obligation and constition[sic] duty . . . to administer "due process" and to comport to fair procedure - insidiously deliberate, failing to answer pro se pre-trial motions – denying defendant's constitutional rights . . . ["]Due Process."

5. The court has failed (erred) to comply with Federal and State Constitutions . . . Statutory laws and Rules of Court Procedure – being in violation of "Brady Rule."

6. Court erred in allowing the admission of inadmissible evidence and irrelevant . . . knife and wig . . .

7. Denied "Assistance of Counsel" . . .

After the defendant filed his *pro se* pleading, his appellate counsel filed the following supplemental assignment of error:

1. The convictions in this case should be vacated and this case remanded for further proceedings since Mark Thibodeaux's pro se motions are not included in the appeal and although filed, were not disposed of prior to trial and cannot now be located for inclusion in the record.

On April 2, 2014, the defendant filed a *pro se* motion with the trial court seeking the production of the trial and sentencing transcript as well as "Answers to Pro Se Motions and Pre-Trial Proceedings." Among the pending *pro se* pleadings he claimed to have filed were:[2]

| | |
|---|---|
| 4-26-13 | Motion to Quash Indictment |
| 4-29-13 | Motion to Suppress |
| 4-30-13 | Motion for Speedy Trial |
| 6-27-13 | Motion to Recuse Attorney of Record |
| 7-25-13 | Letter, re counsel |
| 9-7-13 | Motion to Quash |
| 10-25-13 | Writ of Mandamus-Recusal of Attorneys |

When the trial court initially failed to set a hearing on this motion, the defendant filed a *pro se* application for supervisory writs to this court and was granted relief. On July 22, 2014, this court issued the following disposition:

> **WRIT GRANTED AND MADE PEREMPTORY:** Information obtained from the Calcasieu Parish Clerk's Office indicates that Relator's "Motion for Production of Trial Transcript, and Sentencing Transcript, and Answers to Pro Se Motions and Proceedings" was received and filed with their office on April 2, 2014. Accordingly, Relator's application is granted for the sole purpose of ordering the trial court to rule on his "Motion for Production of Trial Transcript, and Sentencing Transcript, and Answers to Pro Se Motions and Proceedings" by August 21, 2014, and to provide this court with a copy of its ruling.

*State v. Thibodeaux*, 14-702 (La.App. 3 Cir. 7/22/14) (unpublished opinion).

The trial court did not hold a hearing within the time limit set by this court and finally set an October 10, 2014 hearing date by written order executed September 12, 2014. In setting this hearing, the trial court did not comply with the order of this court to rule on the motion. Instead, the trial court set the hearing to "discuss the merits of petitioner's motion."

---

[2] Other pleadings were listed in the defendant's motion, but issues arising from the production of these have been resolved.

6

At the October 10, 2014 hearing, the defendant appeared in proper person by video transmission from the state penitentiary facility to which he had been assigned.[3] When questioned by the trial court, he explained that he needed the requested documents because they were essential to his efforts in seeking appellate review. Counsel for the state informed the trial court that the state had no opposition to the defendant being provided with the documents, but he understood that the transcript had yet to be completed. The trial court then ordered that the defendant "receive a copy of the things that [he] requested" as soon as the transcript was completed. The transcript had been filed in this court on September 23, 2014.

The transcript filed with this court did not contain the motions and documents listed in the defendant's April 2, 2014 *pro se* motion as listed above. On November 10, 2014, the defendant's appellate counsel filed a motion to supplement the record such that those seven pleadings would be included for this court's review. This court issued an order on November 20, 2014, directing the Calcasieu Parish Clerk of Court to "prepare and lodge with this Court the above-referenced supplemental record containing the materials listed above by November 26, 2014." The Calcasieu Parish Clerk of Court's office responded to our order but did not supplement the record with the missing pleadings. Instead, it provided an affidavit of a deputy clerk of court which reads as follows:

> I HEREBY verify that the requested Pro Se documents listed in the attached order from Third Circuit, Court of Appeal were filed into the Clerk of Court's office and sent to (Retired Judge) Wilford Carter and/or his law clerk in 2013 and has not been ruled upon nor returned

---

[3] The record contains a copy of a letter from the Louisiana Appellate Project to the Calcasieu Parish Clerk of Court notifying that office of the appointment of the defendant's appellate counsel. However, the record contains no evidence that the defendant's counsel of record was notified of the October 10, 2014 hearing.

to the Clerk of Court as of this 26th Day of November, 2014. Upon a thorough and complete search of said documents, by law clerk Ashley Boutte for Judge Sharon Wilson, said documents cannot be located at the 14th JDC.

No additional filings have been submitted to this court relative to the content of these pleadings. Furthermore, neither the defendant nor the state have attached copies of the missing documents to the briefs, nor have they attempted to summarize the issues raised by each document.

**OPINION**

Before this court can address the merits of the assignments of error directed toward the result of the jury trial, we must first address the assignments of error directed at the failure of the trial court to rule on the missing pretrial motions before trial on the merits. These are the issues raised by the defendant's fourth *pro se* assignment of error and his appellate counsel's supplemental assignment of error.

The pretrial pleadings at issue include two motions to quash, one motion to suppress, one motion for a speedy trial, and three pleadings addressing the recusal of the defendant's trial counsel. While we first note that not only are these pleadings not in the record before us, but the defendant has not provided this court with copies, does not assert what issues were raised in these pleadings, and does not assert that the pleadings are unavailable. Still, the response of the Calcasieu Parish Clerk of Court to the supplementation order of this court establishes that they were filed by the defendant as he asserts and that the original pleadings were lost at the trial level. Furthermore, the record before us establishes that the issues raised in the pleadings were never addressed of at the trial court level.

8

Louisiana Code of Criminal Procedure Article 521 provides the following with regard to pretrial motions:

> A. Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.

> B. Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.

> C. If by pretrial motion the state or the defendant requests discovery or disclosure of evidence favorable to the defendant, then the court shall fix a time by which the state or the defendant shall respond to the motion.

As previously noted, none of the missing pleadings were filed within fifteen days of arraignment, nor were they filed within the time limits established by the trial court. Thus, they are all untimely "unless a different time is provided by law" for their filing. *Id.* Additionally, when a defendant proceeds to trial without objecting to the trial court's failure to rule on a pending motion, he waives any further objections to the trial court's failure to dispose of that motion. *See State v. Jennings*, 07-150 (La.App. 3 Cir. 5/30/07), 958 So.2d 144, *writ denied*, 07-1460 (La. 1/7/08), 973 So.2d 731.

### Motion to Quash

The motion to quash is the vehicle by which a defendant raises defenses prior to trial. La.Code Crim.P. art. 531. Ten general grounds for such a motion are set forth in La.Code Crim.P. art. 532, and five special grounds directly addressing a grand jury indictment are set forth in La.Code Crim.P. art. 533.[4] The defendant may file motions to quash based on eight of the ten general grounds set forth in

---

[4] Louisiana Code of Criminal Procedure Article 534 identifies two special grounds for quashing a bill of information. However, those grounds are not applicable to the matter before us as the defendant was charged by grand jury indictment.

La.Code Crim.P. art. 532 "at any time before commencement of the trial." La.Code Crim.P. art. 535(A) and (B). All other motions to quash "shall be filed in accordance with Article 521." La.Code Crim.P. art. 535(C).

At the beginning of the trial, the defendant's trial counsel objected to the trial court proceeding with the trial on the merits without ruling on the motions to quash. Thus, he preserved further objections to the trial court's failure to dispose of those motions.

*Motion to Suppress*

The motion to suppress evidence or to suppress a confession or statement on constitutional grounds is provided for by La.Code Crim.P. art. 703. Concerning the time limitations for filing such a motion, La.Code Crim.P. art. 703(C) provides:

> A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.

The trial court need only hold an evidentiary hearing on the motion to suppress "when the defendant alleges facts that would require the granting of relief." La.Code Crim.P. art. 703(E)(1).

As is the case with the two *pro se* motions to quash, the defendant's objection at the beginning of the trial preserved further objections to the trial court's failure to dispose of that motion.

*Motion for Speedy Trial*

This motion is authorized by La.Code Crim.P. art. 701 and provides two dispositional procedures for a filed motion. No hearing is required if the motion is "accompanied by an affidavit by defendant's counsel certifying that the defendant

10

and his counsel are prepared to proceed to trial within the delays set forth in [the] Article." La.Code Crim.P. art. 701(D). If the motion meets this requirement, the trial of a felony must commence within the delays set forth in La.Code Crim P. art. 701(D)(1). If the motion is not accompanied by the affidavit of the defendant's counsel, the trial court is required to hold a contradictory hearing on the motion within thirty days. La.Code Crim.P. art. 701(F).

However, the defendant did not timely object to the trial court's failure to rule on this motion, and by proceeding to trial, waived any objection thereto. *Jennings*, 958 So.2d 144. Thus, we find no merit in the defendant's arguments addressing the failure of the trial court to rule on the motion for speedy trial.

### *Pleadings to Remove Trial Counsel*

Louisiana Constitution Article 1, § 13 provides, in pertinent part, that in a criminal prosecution "[a]t each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment." In the criminal prosecution that is the subject of this appeal, the defendant was, and still is, represented by appointed counsel. However, the Louisiana Code of Criminal Procedure does not directly address the situation where a defendant wishes to remove his appointed counsel other than to say that "[t]he court may assign other counsel in substitution of counsel previously assigned or specially assigned to assist the defendant at the arraignment." La.Code Crim.P. art. 515.

We need not reach the merits of the pleadings addressing any recusal issue because, as was the case with his motion for a speedy trial, the defendant did not timely object to the trial court's failure to rule on these pleadings, and by proceeding to trial, waived any objection thereto. *Jennings*, 958 So.2d 144.

11

Additionally, any issues arising from the first two pleadings addressing recusal were rendered moot by the defendant's first counsel's withdrawal as his attorney on September 1, 2013. Thus, we find no merit in the defendant's arguments addressing these pretrial filings.

### *Disposition of the Motions to Quash and Motion to Suppress*

We are left with a situation where the defendant filed two motions to quash and one motion to suppress, the trial court failed to dispose of these motions before trial, and the defendant timely objected to the failure of the trial court to so rule. At the same time, we have an incomplete record before us that does not contain even copies of these motions and are faced with a situation where nothing has been provided to this court concerning their content. When this court granted the defendant supervisory writ relief on July 22, 2014, we returned the matter to the trial court with orders to rule on the defendant's pleading which addressed the *pro se* motions, and the trial court did not comply as ordered. Instead, it simply ordered that the defendant be provided with a copy of the trial transcript.

Part of the confusion in the failure of the trial court to address the *pro se* issues, and a fact that has made this litigation more complicated is the involvement of three trial judges instead of one. The litigation was originally assigned to Judge Wilford Carter of the Fourteenth Judicial District. According to the affidavit of the Office of Clerk of Court, the pleadings at issue were submitted to Judge Carter's office and never returned to the Clerk's office. To make matters more complicated, Judge Carter retired before the trial on the merits; Judge Richard Wilson, who was appointed judge pro tempore to serve in Judge Carter's place pending the election of Judge Carter's successor, presided at the defendant's trial

12

and sentenced the defendant; and Judge Sharon Wilson, who was elected to succeed Judge Carter, has presided over a number of post-trial matters.

We also note that two of the three *pro se* motions at issue were filed by the defendant after his former counsel filed a motion for the appointment of a sanity commission and before the issues raised by that motion were resolved. Louisiana Code of Civil Procedure Article 642 provides, in pertinent part, that "[w]hen the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." However, we find any error associated with the untimely filing of the motions is harmless error. *See State v. Francois*, 05-1385 (La.App. 3 Cir. 4/5/06), 926 So.2d 744, *writ denied*, 06-1048 (La. 1/12/07), 948 So.2d 138.

In *State v. Frank*, 99-553, pp. 20-21 (La. 1/17/01), 803 So.2d 1, 19-20, the supreme court established three approaches to reviewing incomplete record claims:

> Article I, § 19 of the Louisiana Constitution guarantees defendants a right of appeal "based upon a complete record of all the evidence upon which the judgment is based." Material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal will require reversal. *See State v. Robinson*, 387 So.2d 1143 (La.1980) (reversal required when record failed to contain the testimony of a state and defense expert witness); *State v. Ford*, 338 So.2d 107 (La.1976) (reversal required when record was missing the testimony of four state witnesses and the voir dire of prospective jurors). On the other hand, inconsequential omissions or slight inaccuracies do not require reversal. *See State v. Goodbier*, 367 So.2d 356, 357 (La.1979) (reversal not required when record does not include a transcript of the voir dire examination and affidavit of court reporter indicated that counsel made no objections during voir dire). Finally, a defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcripts. *State v. Castleberry*, 98-1388, p. 29 (La.4/13/99), 758 So.2d 749, 773 (citing *State v. Hawkins*, 96-0766 (La.1/14/97), 688 So.2d 473).

Unfortunately, we cannot categorize the missing pleadings in any one of the three categories described by the supreme court because we do not know the content of the pleadings. Thus, we cannot say whether the missing pleadings are material or inconsequential omissions; nor can we determine whether the defendant has been prejudiced by the failure of the trial court to rule on these pretrial motions.

Given the failure of the trial court to rule on the defendant's motions to quash as well as his motion to suppress, we find it necessary to remand the matter to the trial court for an evidentiary hearing on these issues. To that end, we find the procedure set forth in *State v. Clark*, 97-1064 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, *writ granted and case remanded in light of supplemental filing*, 98-1180 (La. 9/25/98), 726 So.2d 2, and *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866, to be applicable to this case, and we remand the matter to the trial court with the specific instructions as set forth in the following dispositional paragraph.

## DISPOSITION

For the foregoing reasons, we remand the case to the trial court with instructions to the trial court to order the Clerk of Court (as custodian of the records), the defendant, and/or the state to produce the missing motions to quash and motion to suppress, or copies thereof at a hearing which the trial court shall schedule within thirty days of the release of this opinion. If the Clerk of Court, the defendant and/or the state cannot produce the missing motions or copies thereof, the trial court shall make a record of such failure to produce them at the evidentiary hearing and shall give the defendant fifteen days in which to refile the missing motions. If the motions or copies thereof are produced at the evidentiary hearing, the trial court shall conduct another evidentiary hearing within thirty days of the

14

date they are produced and rule on the motions. If the motions are not produced, and if the defendant refiles the motions within the fifteen day period provided, the trial court shall conduct another evidentiary hearing within thirty days after they are filed and rule on the motions. Finally, and regardless of the trial court's rulings on the merits of any of the motions, the trial court shall cause an appellate record to be made of the results of all of its orders and of all the hearings held pursuant to this remand; and shall cause the record to be lodged with this court within fifteen days of the making of the record. The State of Louisiana and the defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any additional issues arising from the hearing or hearings. Thereafter, this court will address any new issues raised by the trial court's rulings on the missing motions, and if necessary, will address the defendant's appeal of his convictions.

**REMANDED WITH INSTRUCTIONS.**